# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| HOSEA L. ROBINSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-103-AGF |
| ANITA CLARKE, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Hosea L. Robinson for leave to commence this civil action without prepayment of the filing fee. (ECF. No. 2). The motion will be denied, and this case will be dismissed without prejudice to the filing of a fully-paid complaint.

Plaintiff, a prisoner and a frequent filer of lawsuits, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain in forma pauperis status if he has filed at least three actions that have been dismissed as frivolous, malicious, for failure to state a claim, or on statute of limitations grounds. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Review of this Court's files reveals that plaintiff has accumulated three strikes. *See Robinson v. City of St. Louis Division of Corrections, et al.*, No. 4:16-cv-1535-RWS (E.D. Mo. Dec. 30, 2016); *Robinson v. State of Missouri*, No. 4:18-cv-114-RLW (E.D. Mo. Jan. 29, 2018);

*Robinson v. State of Missouri, et al.*, No. 4:18-cv-1225-JAR (E.D. Mo. Oct. 24, 2018); *Robinson v. State of Missouri, et al.*, No. 1:18-cv-297-NCC (E.D. Mo. Apr. 23, 2019); *Robinson v. State of Missouri, et al.*, No. 1:19-cv-99-SPM (E.D. Mo. Sept. 4, 2019); and *Robinson v. City of St. Louis, et al.*, 4:19-cv-1767-CDP (E.D. Mo. Sept. 4, 2019). Therefore, plaintiff may proceed in forma pauperis in this action only if he is under imminent danger of serious physical injury.

Plaintiff filed the instant complaint on May 11, 2020, alleging that his health was being jeopardized by exposure to metal detectors in the prison. Plaintiff previously brought this identical allegation against different defendants in *Robinson v. City of St. Louis, et al.*, 4:19-cv-1767-CDP (E.D. Mo. Sept. 4, 2019), which the Court dismissed pursuant to the three strikes rule and because plaintiff failed to sufficiently allege imminent danger of serious physical injury. Similarly, the instant complaint is also subject to the three strikes rule and fails to contain non-conclusory allegations that plaintiff is under imminent danger of serious physical injury. Thus, plaintiff may not proceed in forma pauperis in this action. As a result, the Court will deny plaintiff's motion for leave to proceed in forma pauperis, and will dismiss this case without prejudice to the filing of a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully-paid complaint. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for a hearing (ECF No. 3) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 4) is **DENIED** as moot.

Dated this 13th day of May, 2020.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

3